**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GEORGIA ANN PARKER, ADMINISRATOR OF THE ESTATE OF STEPHANY SHERIKA PARKER HOLMES, DECEASED; AND THE ESTATE OF STEPHANY SHERIKA PARKER HOLMES** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 4:16-CV-062-SA-JMV**

**COUNTY OF HUMPHREYS, HUMPHREYS COUNTY BOARD OF SUPERVISORS HUMPHREYS COUNTY SHERIIFF'S DEPARTMENT; AND DOE DEFENDANTS 1-10** **DEFENDANTS**

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

---

COMES NOW the Plaintiff, The Estate of Stephany Sherika Parker Holmes (hereafter "Plaintiff"), and files this her First Amended Complaint against the Defendants, County of Humphreys, Mississippi, Humphreys County Board of Supervisors, Humphreys County Sheriff's Department; and Doe Defendants 1-10 (hereafter collectively "Defendants"). In support thereof, Plaintiff would show unto this Honorable Court the following:

**I.**

**<u>JURISDICTION AND VENUE</u>**

1. This Honorable Court has jurisdiction and venue pursuant to 28 U.S.C. 1331.over the parties and this cause of action. This civil action arises out of the acts and/or omissions of the Defendants committed in whole or in part in Humphreys County in the State of Mississippi against a resident of Humphreys County, Mississippi.- and involving issues under the United States Constitution.

2. This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Mississippi, or who are doing business in the State of Mississippi. Additionally, the allegations which

caused and/or contributed to the subject incident occurred primarily within the confines of Humphreys County, Mississippi.

3. Venue is proper pursuant to U.S.C 1331.

## II.

## PARTIES

4. Plaintiffs, Estate of Stephany Sherika Parker Holmes, and Georgia Ann Parker as the Administrator is an adult resident citizen of Humphreys, Mississippi who may be contacted by and through the undersigned attorney.

5. Defendant County of Humphreys, Mississippi is a unit of government authorized under and by virtue of the laws of the State of Mississippi. County of Humphreys may be served with process at 102 Castleman Street, Ste 5, Belzoni, MS 39308.

6. Defendant Humphreys Board of Supervisors, Humphreys County, Mississippi is a unit of government authorized under and by virtue of the laws of the State of Mississippi Humphreys Board of Supervisors may be served with process at 102 Castleman Street, Ste 5, Belzoni, MS 39308.

7. Defendant Humphreys County Sheriff's Department, Humphreys County, Mississippi is a unit of government authorized under and by virtue of the laws of the State of Mississippi Humphreys County Sheriff's Department may be served with process at 107 S Hayden St, Belzoni, MS 39038.

8. Doe Defendants 1-10 are other individuals, persons, businesses, corporate persons or entities who may be liable for all or part of the acts and/or omissions committed resulting in the subject incident which involved and resulted in the causes of action alleged by the Plaintiffs herein from which the Plaintiffs may seek recovery of damages.

## III.

## FACTS

9. On or about March 27, 2013, Stephany Sherika Parker Holmes was wired by the Humphreys County Sheriff's Department as part of an investigation.

10. Upon arrival at a location outside of Humphreys County, she was sent in to confront an armed and dangerous criminal.

11. Ms. Holmes was shot during this encounter

12. Ms. Holmes was still alive at the time of the shooting. Instead of taking her immediately to the hi\ospital, she was taken to the Humohreys County jail to remove the wire, costing her time in which her life could have been saved had she been given appropriate , timely medical care.

13. The actions of the individuals involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Ms. Holmes.

14. The individuals involved acted in reckless disregard of the safety and wellbeing of the Ms. Holmes.

15. As a result of the act(s) and/or omission(s) of these Defendants, the Plaintiffs have sustained economic and non-economic damages.

16. As a result of said accident and the acts and/or omissions of all Defendants, Plaintiffs sustained serious injuries which ultimately led to death of Ms. Holmes and other damages more specifically set forth below and to be proven at trial.

## V.

## CLAIMS FOR RELIEF

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

### (General Allegations)

17. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

18. In committing the acts complained of herein, Defendants acted under color of state law to deprive Ms. Holmes of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

19. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the injuries sustained by Ms. Holmes. The acts and/or omissions of the Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

20. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

21. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

**(Failure to Implement Appropriate Policies, Customs and Practices)**

22. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

23. Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, denying medical care, denying prompt medical treatment.

24. The failure of all Defendants to adequately train and supervise their employees, agents and security personnel amount to deliberate indifference to the rights of the Plaintiffs under the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: _________

**NEGLIGENCE AND NEGLIGENCE *PER SE***

26. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27. Defendants were negligent inasmuch as they should have been on notice as to any previous negligent act(s) and/or omission(s) of its employees, agents, and/or servants as well as the following particulars, among others:

(a) failing to keep properly trained personnel at the incident location;

(b) failing to act in response to an emergency situation regarding Plaintiffs;

(c) inattention while crimes are being committed;

(d) failing to abide by the laws of any state on previous occasions;

(e) failing to maintain control of the premises on previous occasions; and

(f) other acts of negligence as will be more fully shown at trial.

The above acts constitute negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

28. Doe Defendants 1-10, as relevant employees/agents, owe a duty to Plaintiffs to exercise reasonable care to protect her from reasonably foreseeable injuries, specifically the duty to make the premises safe and to provide adequate security.

29. Defendants knew or should have known before the date of the subject incident that depriving Holmes of her constitutional rights could result in her death or serious bodily injury..

30. Despite its knowledge of these unsafe conditions, Defendants did nothing to remedy or address the conditions and inadequacies.

31. Defendants collectively breached their duty owed to the Ms. Holmes to exercise reasonable care to protect her from reasonably foreseeable injuries, and were negligent by failing to provide adequate medical attention by and including (but not limited to) failing getting her to a medical facility in a timely manner.

32. To the extent that one of more of these Defendants, through their act(s) and/or omission(s) ,commited negligence per se.

## GROSS NEGLIGENCE

32. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

33. The actions of Defendants, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiff is entitled to the recovery of punitive damages.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

34. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35. At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), Doe Defendant 1-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in the maintenance of its housekeeping measures and providing prompt medical care. Defendants breached that duty in the following respects, among others:

(a) failing to adequately inquire into the competence, employment history and criminal background of employee, agent or servant, Doe Defendant 1-10;
(b) failing to adequately train employee, agent or servant, Doe Defendant 1-10;
(c) failing to properly supervise employee, agent or servant, Doe Defendant 1-10;
(d) failing to comply with industry standards and regulations regarding supervision of housekeeping personnel and jail supervisors, and;
(e) other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

## ***RES IPSA LOQUITUR***

36. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

37. At all pertinent times, Defendants collectively were in sole and complete control of their policies, practices and personnel, which became the instrumentality causing the resulting death of Ms. Holmes. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper medical care procedures, supervision, experience, and safety measures were in place to avoid the death of Ms. Holmes.

38. Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their security personnel and officers to prevent the death of Ms. Holmes

39. The duty of care owed to Ms. Holmes was therefore breached by the Defendants.

40. The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these

Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting death, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

41. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and the death of Ms. Holmes.

## ***RESPONDEAT SUPERIOR***

42. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43. Doe Defendant 1-10 was in the course and scope of their employment with Humphreys County and Doe Defendants 1-10 at all relevant times immediately subsequent and preceding the incident in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

## ***AGENCY***

44. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

45. At the times material hereto, Doe Defendant 1-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants Humphreys County Sheriffs Department and Doe Defendants 1-10, and/or was an apparent agent acting within these actual or apparent authority of Defendants Humphreys County Board of Supervisors and Doe Defendants 1-10; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

46. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47. The act(s) and/or omission(s) of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

48. The negligent conduct perpetrated upon the Ms. Holmes was awful, traumatic, and disturbing events, which has caused the Plaintiffs to suffer serious emotional anguish.

49. At all relevant times, Ms. Holmes was in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

50. The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the death of Ms. Holmes as well as the damages and losses sustained by the Plaintiffs.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

51. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

52. The acts and conduct of all Defendants herein, by and through their employee-agents and described herein, were done willfully, maliciously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiffs. Such acts were extreme, outrageous and done in reckless disregard of the probability of causing the Plaintiff's emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

53. The Defendants had a responsibility to oversee and control the conduct of their employees, specifically a duty to refrain from the actions detailed herein. Defendants breached their duty through their repeated failures to refrain from such actions.

54. As a direct and proximate result of the Defendants' acts alleged herein, the Plaintiffs were caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, fear, nervousness, and anxiety. The Plaintiffs continues to suffer the emotional effects of being subjected to the incidents detailed herein.

55. The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by the Plaintiffs.

**BREACH OF A NON-DELEGABLE FIDUCIARY DUTY**

56. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

57. The failure and/or refusal of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) to prevent the death of the Ms. Holmes, at a time when the same was

absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar situated.

**THE COMMON LAW TORT OF OUTRAGE**

58. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

59. The overall conduct of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) on the dates in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the death of the Ms. Holmes. The manner, method and design of the aforementioned Defendants' conduct amounted to a cold, callous, premeditated abuse of authority.

60. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, these Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

**RECKLESS DISREGARD FOR THE RIGHTS AND SAFETY OF OTHERS**

61. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

62. The act(s) and/or omission(s) of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, constitute a reckless disregard for the rights of the Plaintiffs herein.

63. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable, prudent person can certainly conclude that these act(s) and/or omission(s) were carried out with a reckless disregard for the rights and safety of the Plaintiffs and others. Therefore, the act(s) and/or omission(s) constitute

a reckless disregard for the rights and safety of the Plaintiffs as defined under Mississippi law.

64. The act(s) and/or omission(s) of the Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, were a proximate cause as to the death of Ms. Holmes and damages sustained by Plaintiffs.

## NEGLIGENT FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

65. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66. The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) were vested with the authority to hire, fire, and discipline employees, police officers and/or other personnel of the Humphreys County Sheriffs Department.

67. The decision by the Defendants to hire, retain and not discipline these employees, officers and/or personnel resulted in the creation of an environment of refusal to provide medical care.

68. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding employees, officers and/or personnel employed at the Humphreys County Sheriffs Department, the aforementioned Defendants are liable for the corresponding deprivation of rights sustained by the Plaintiffs.

## VI.

## DAMAGES

### ECONOMIC DAMAGES

69. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

70. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the injuries they sustained.

### NON-ECONOMIC DAMAGES

71. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

72. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seeks recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, suffering, inconvenience, worry, emotional distress, loss of society and companionship, physical impairment, loss of the enjoyment of life, hedonic damages, loss of credit worthiness, medical or special damages, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

73. Plaintiffs have suffered out-of-pocket expenses which including attorneys' fees, costs of court, time from work, funeral expenses, and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

74. The amount of total damages suffered by Plaintiffs are significant and continuing in nature. Plaintiff reserves the right to amend and state further with respect to their damages.

## PUNITIVE DAMAGES

75. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

76. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

77. Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

78. Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof he be entitled to take, have and recover, of and from said Defendants the

above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, attorneys' fees, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted this the 13th day of May, 2016.

**GEORGIA ANN PARKER, as the ADMINISTRATOR OF THE ESTATE OF STEPHANY SHERIKA PARKER HOLMES**

By: /s Cynthia A. Stewart
Cynthia A. Stewart
.

**Of Counsel:**
Cynthia A. Stewart, Esq. (MSB # 7894)
118 Homestead Drive, Suite C
Madison, MS 39110
Email: cstewart@mississippitrial.com
Email: Thomas.Bellinder@gmail.com