**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GEORGIA ANN PARKER, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF STEPHANY
SHERIKA PARKER HOLMES, DECEASED, AND ON
BEHALF OF ALL OF THE HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF STEPHANY
SHERIKA PARKER HOLMES, DECEASED**                  **PLAINTIFFS**

**v.**                                                         **CAUSE NO.: 4:16-CV-062-SA-JMV**

**HUMPHREYS COUNTY, MISSISSIPPI;
DOE DEFENDANT ONE; AND DOE DEFENDANTS 2-10**       **DEFENDANTS**

---

**SECOND AMENDED COMPLAINT
(PLAINTIFFS REQUEST TRIAL BY JURY OF ALL PARTIES)**

---

COMES NOW Plaintiffs, Georgia Ann Parker, individually and as Administrator of the Estate of Stephany Sherika Parker Holmes, Deceased, and on behalf of all of the Heirs-at-Law and Wrongful Death Beneficiaries of Stephany Sherika Parker Holmes, Deceased (hereafter collectively "Plaintiffs"), by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure and files this Second Amended Complaint against Defendants Humphreys County, Mississippi; Doe Defendant One; and Doe Defendants 2-10 (collectively hereafter "Defendants"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

**I.**

**JURISDICTION AND VENUE**

1. This Honorable Court has jurisdiction and venue over the parties and this cause of action. This civil action arises out of the acts and/or omissions of the Defendants committed in whole or in part in Humphreys County in the State of Mississippi against residents of Humphreys County, Mississippi. This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331, as, at least one claim, arises under the Constitution, laws, or treaties of the United States. This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Mississippi, or who are doing business in the State of Mississippi. Additionally, the allegations which caused and/or contributed to the subject incident occurred within the confines of Humphreys County, Mississippi.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

## II.

## PARTIES

3. Plaintiff Georgia Ann Parker is an adult resident citizen of Humphreys County, Mississippi who may be contacted by and through her undersigned attorney. Plaintiff Georgia Ann Parker brings this action in an individual capacity and in a representative capacity as Administrator of the Estate of Stephany Sherika Parker Holmes, Deceased, and on behalf of all of the Heirs-at-Law and Wrongful Death Beneficiaries of Stephany Sherika Parker Holmes, Deceased.

4. Defendant Humphreys County, Mississippi is a unit of government authorized under and by virtue of the laws of the State of Mississippi. Humphreys County, Mississippi may be served with process through the Humphreys County Board of Supervisors, James Bankhead (District 1), Richard 'Dickie' Stevens (District 2), Woodrow Johnson (District 3), Jerry Wood (District 4) and Roy Broomfield (District 5) at 107 S Hayden St, Belzoni, MS 39038.

5. Doe Defendant 1 is the individual who fired the fatal shot or shots which took the life of Stephany Sherika Parker Holmes, and whose actions or inactions proximately caused the Plaintiffs' damages, in whole or in part, and whose identity is not currently known despite good faith investigative efforts.

6. Doe Defendants 2-10 are other individuals, persons, businesses, institutions, corporate persons or entities whose identities are unknown to the Plaintiffs at the filing of this complaint, but who may be liable for all or part of the acts or omissions committed resulting in the subject incident herein and against whom Plaintiffs may seek recovery of damages.

## III.

## FACTS

7. This matter arises from a series of incidents which took place beginning on or about March 27, 2013. On that date, officers with the Humphreys County Sheriff's Department and others utilized Ms. Holmes as a confidential informant. Ms. Holmes was wired with a recording device, and given instructions to engage and seek information from a known, dangerous criminal.

8. Suddenly, the Humphreys County Sheriff's Department began to exchange gunfire with the criminal suspect. Ms. Holmes was ultimately shot and critically wounded during the encounter.

9. It has yet to be determined and discovered with certainty who fired the shots which killed Ms. Holmes; however, upon information and belief one or more of the gunshots Ms. Holmes sustained was fired by the Defendants themselves.

10. Ms. Holmes survived the shooting initially; however, instead of taking her immediately to the hospital, she was inextricably taken to the Humphreys County Jail by the Defendants.

11. It is unclear as to why the Defendants did what they did, perhaps in an effort to remove the recording device she was wearing.

12. These actions cost Ms. Parker valuable time in which her life could have been saved, had she been given appropriate, timely medical care. Defendants denied Ms. Holmes medical treatment at a time when she critically needed it.

13. The actions of the individuals involved were reckless, grossly negligent, malicious and amount to a conscious disregard of the civil rights of the Plaintiffs. The individuals involved acted with reckless disregard of the rights, safety and well-being of Ms. Holmes. As a result of the act(s) and/or omission(s) of these Defendants, the Plaintiffs have sustained economic and non-economic damages.

14. The actions of the named defendants were unprovoked and unjustified, as Stephany Sherika Parker Holmes had not committed a crime and was never charged with a crime.

15. Claimants are prepared to show by a preponderance of the evidence that the injuries sustained by the Plaintiffs were caused and/or contributed to the act(s) and/or omission(s) of Defendants herein and/or their agents/employees.

16. Stephany Sherika Parker Holmes was protected under the 14th Amendment to the United States Constitution, which states "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." USCS Const. Amend. 14, § 1.

17. Defendants in this matter had affirmative duties to protect and safeguard Stephany Sherika Parker Holmes and to provide her with necessary and proper medication and medical treatment while in their custody.

18. The act(s) and/or omission(s) of the Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.) caused and/or contributed to the injuries sustained by the Plaintiffs.

19. The emotional and psychological trauma caused by the injuries sustained by Stephany Sherika Parker Holmes directly and proximately affects all of the Plaintiffs herein.

20. Defendants (including employees of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) breached the standard of care owed to the Plaintiffs.

21. As a result of these act(s) and/or omission(s), the Plaintiffs seek to recover damages economic as well as other non-economic damages.

## IV.

## **CLAIMS FOR RELIEF**

### **Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**

### **(General Allegations)**

22. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

23. Title 42 U.S.C. § 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *Jefferson v. City of Hazlehurst*, 936 F. Supp. 382, 386-387 (S.D. Miss. 1995)

24. To state a cause of action under Title 42 U.S.C. § 1983, the plaintiff must plead, and on summary judgment has the burden of showing by adequate and admissible evidence, seven elements. Firstly, the plaintiff must show that there was a clear and constitutional right in plaintiff. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Secondly, the plaintiff must show that there was a deprivation of that clear right, privilege or immunity secured to the plaintiff by the Constitution of the United States of America. *Siegert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991) (the court must determine if plaintiff has identified a clear constitutional right in herself); *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 433 (1979) ("inquiry in any 1983 suit … is whether the plaintiff has been deprived of a 'right secured by the Constitution and the laws'"). *See also Quives v. Campbell*, 934 F.2d 668, 670-71 (5th Cir. 1991) (summary judgment should be affirmed because plaintiff failed to state a constitutional claim); *Samaad v. Dallas*, 940 F.2d 925, 942 (5th Cir. 1991) (reversing summary judgment that denied qualified

immunity defense where plaintiffs failed to state a constitutional violation); *White v. Taylor*, 959 F.2d 539, 545 (5th Cir. 1992) (in a 1983 action, the court must determine whether the contours of the plaintiff's rights are clearly established).

25. Thirdly, the plaintiff must show that the defendants acted under "color of State law." *Gomez v. Toledo*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). Fourthly, plaintiff must show that there exists a direct causal connection, *Canton v. Harris*, 489 U.S. 378, 387-388, 109 S. Ct. 1197, 1203-1205, 103 L. Ed. 2d 412 (1989), without intervening factors, between the deprivation and some injury to plaintiff. *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984) (deprivation must be specifically identified and tied to the injury).

26. Fifthly, plaintiff needs to establish that the act or omission by the defendant was intentional or at least deliberately indifferent to the Constitutional or Federal law rights of the plaintiff. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (in order to state a cause of action for a due process violation under § 1983, plaintiff must establish that he was intentionally or recklessly deprived of the constitutionally protected interest); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992) (deprivation can result from tortious conduct exceeding mere negligence but not quite rising to the level of intentional, e.g., deliberate (or conscious) indifference, recklessness or gross negligence), reh'g granted and opinion vacated by *Doe v. Taylor Independent School District*, 987 F.2d 231 (5th Cir. 1993), on rehearing *Doe v. Taylor Independent School District*, 15 F.3d 443, 450 (5th Cir. 1994) (to state a cause of action under § 1983 … plaintiffs "must show that they have asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law"); *Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989) (only where an act or omission reflects a deliberate or conscious choice by a municipality can a city be held liable for such acts or omissions under § 1983); *Doe v. Taylor Independent School District*, 15 F.3d 443, 453 (5th Cir. 1994) (a municipality or an individual to whom the municipality has delegated responsibility to directly supervise an employee is liable under § 1983 where the employee is supervised in a manner that manifests deliberate indifference); *Collins v. City of Harker Heights*, 503 U.S. 115, 112 S. Ct. 1061, 1068, 117 L. Ed. 2d 261 (1992) (deliberate indifference is the threshold for holding a city responsible for the constitutional torts committed by its inadequately trained agents). *See also Salas v. Carpenter*, 980 F.2d 299, 307 (5th Cir. 1992) ("unintentional conduct more culpable than negligence may deny due process").

27. Sixthly, the plaintiff must show that she suffered actual injury. *Memphis Community School District v. Stachura*, 477 U.S. 299, 308, 106 S. Ct. 2537, 2543, 91 L. Ed. 2d 249 (1986) (where there is no injury present, no compensatory damages can be awarded). And finally, the plaintiff must prove damages as a proximate result of the injury. *Carey v. Piphus*, 435 U.S. 247, 264, 98 S. Ct. 1042, 1052, 55 L. Ed. 2d 252 (1986) (compensatory damages can be awarded where plaintiff has proved an actual injury caused by the denial of his constitutional rights).

28. Mississippi law states a plaintiff will prevail on an excessive force constitutional claim if they can show that: (1) that the officers' actions caused them injury; and (2) that the

actions were grossly disproportionate to the need for action under the circumstances and were inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. *City of Jackson v. Powell*, 917 So. 2d 59, 61 (Miss. 2005).

29. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

30. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the injuries sustained by the Plaintiffs. The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

31. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

32. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## **Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**

### **(Failure to Implement Appropriate Policies, Customs and Practices)**

33. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

34. Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, the routine use of excessive force against members of the community, the refusal to provide adequate medical care, disregard for individuals with special needs and the willful ignorance as to complaints about processes and procedures utilized in investigations and lack of proper care.

35. The failure of all Defendants to adequately train and supervise their employees, agents and security personnel amount to deliberate indifference to the rights of the Plaintiff to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

36. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

### (Danger Creation)

37. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

38. Liability to a state-created harm arises where a government employee affirmatively acts to increase the threat of harm of the claimant or affirmatively prevents the individual from receiving assistance.

39. Where the government creates or seriously increases the harm, a violation of due process occurs where the behavior 'shocks the conscience' or is outrageous.

40. Plaintiffs demand trial by jury to determine these questions.

41. To prevail under the danger creation exception, a complainant must show that the government's action or inaction "affirmatively placed the plaintiff in a position of danger, that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Deshaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 197 (1999).

42. In this matter, the Defendants created a danger for Stephany Sherika Parker Holmes by taking her into custody and placing her into a dangerous situation where death or grave bodily harm was likely. Furthermore, Defendants created a danger for Stephany Sherika Parker Holmes by shooting and critically wounding her.

43. By affirmatively placing Stephany Sherika Parker Holmes in a dangerous situation and abandoned her, Defendants deprived her of a liberty interest protected by the Constitution.

44. Defendants' conduct was unreasonable under the circumstances. Plaintiffs affirmatively assert a claim under 42 U.S.C. § 1983, as Defendants violated Stephany Sherika Parker Holmes' constitutional due-process rights by creating a danger that caused harm to her.

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

### (Special Relationship)

45. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46. In this matter, there existed a special relationship between the injured person Stephany Sherika Parker Holmes and the police. The government singled out Ms. Holmes from the general public and afforded her special treatment by way of promised immunity for criminal conduct they may potentially witness while she was in their protection and seeking to garner evidence while wearing a wire.

47. Defendants in this matter assumed control over Stephany Sherika Parker Holmes sufficient to trigger an affirmative duty to provide protection to her. When Defendants assumed custody of Ms. Holmes, they also assumed the responsibility to take reasonable steps to provide for her care and safety and to ensure her protection against foreseeable risks.

### **Reckless Disregard**

48. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

49. The Mississippi supreme court has analyzed cases in which officers were held to have acted in reckless disregard of the safety of others in other contexts. The common thread of these cases is "that the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *City of Jackson v. Lipsey*, 834 So.2d 687, 693 (Miss. 2003) (quoting *Maldonado v. Kelly*, 768 So.2d 906, 910-11 (Miss. 2000)).

50. The actions of the Defendants involved were reckless, grossly negligent, malicious, and amount to a conscious disregard of the civil rights of the Plaintiffs. The Defendants involved acted in reckless disregard of the safety and wellbeing of the Plaintiffs.

51. Upon information and belief, at all pertinent times the Defendants involved acted within the course and scope of their employment with Humphreys County, Mississippi and Doe Defendants 2-10. To the extent such potentially liable Defendants were not acting within the course and scope of their employment with the aforesaid named entities, Plaintiffs specifically places same on notice of their intent to pursue the legal remedies identified herein.

### **Negligence and Negligence *Per Se***

52. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

53. At the time and on the occasion in question, Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, possessed a duty of reasonable and/or ordinary care while operating a narcotics task force and a sheriff's department in Mississippi.

54. Specifically, all Defendants owed a duty to the members of the general public entrusted to their care to maintain their safety, health and well-being, both physical and psychological.

55. The duty owed by all Defendants to the Plaintiffs, to use reasonable and/or ordinary care in operating a narcotics task force and a sheriff's department, included but was not limited to affirmative duties to protect and safeguard members of the general public, to provide prompt medical care to members of the general public, to provide medication and prompt medical treatment to members of the general public, to make reasonable efforts to keep members of the general public safe, to avoid actively harming members of the general public, to prevent injustice and abuse, to obey the laws of the State of Mississippi and the United States of America, to implement adequate and appropriate policies and procedures for the operation of the facility and to prevent abusive and illegal practices.

56. Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, were negligent in the following particulars, including but not limited to:

   (a) failing to provide Stephany Sherika Parker Holmes with prompt medical care;
   (b) failing to heed the warnings of Stephany Sherika Parker Holmes's medical condition;
   (c) failing to prevent Stephany Sherika Parker Holmes's injuries;
   (d) refusing to provide adequate medical care to members of the general public, including but not limited to Stephany Sherika Parker Holmes;
   (e) engaging in conduct likely to cause physical, psychological and emotional harm to Stephany Sherika Parker Holmes;
   (f) failing to supervise the conduct of its personnel;
   (g) failing to take proper corrective action when employee(s) took inappropriate and illegal actions against members of the general public; and
   (h) other acts of negligence as will be more fully shown at trial.

57. The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants (including employees of the aforementioned in their official capacities as well as other unknown individuals, entities, businesses, parent companies, corporations, and etc.), individually, jointly, and severally, resulted in the Plaintiffs' damages.

58. As a result of these aforesaid acts, Plaintiffs suffered and continues to suffer severe, irreparable injuries.

### **Gross Negligence**

59. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

60. The actions of Defendants, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiffs herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiffs are entitled to the recovery of punitive damages.

## **Negligent Hiring, Retention, Supervision and Control**

61. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

62. At the time and on the occasion in question, Defendants Humphreys County, Mississippi and Doe Defendants 2-10 were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), Doe Defendant 1 and Doe Defendants 2-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, as well as in the maintenance of its security measures. Defendants breached that duty in the following respects, among others:

(a) failing to adequately inquire into the competence, employment history and criminal background of employee, agent or servant, Doe Defendant 1 and Doe Defendants 2-10;
(b) failing to adequately train employee, agent or servant, Doe Defendant 1 and Doe Defendants 2-10;
(c) failing to properly supervise employee, agent or servant, Doe Defendant 1 and Doe Defendants 2-10;
(d) failing to comply with industry standards and regulations regarding supervision of personnel and police officers, and;
(e) other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

## *Res Ipsa Loquitur*

63. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

64. At all pertinent times, Defendants collectively were in sole and complete control of their police policies, practices and personnel, which became the instrumentality causing the resulting injuries sustained by the Plaintiffs. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and safety measures were in place to avoid the injuries sustained by the Plaintiffs.

65. Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their security personnel and police officers to prevent the death of decedent and injuries sustained by the Plaintiffs.

66. The duty of care owed to the Plaintiffs was therefore breached by the Defendants.

67. The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

68. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## **Respondeat Superior**

69. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

70. Doe Defendant 1 and Doe Defendants 2-10 were in the course and scope of their employment with Defendants Humphreys County, Mississippi and Doe Defendants 2-10 at all relevant times immediately subsequent and preceding the incidents in question, and therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s).

## **Agency**

71. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

72. At the times material hereto, Doe Defendant 1 and Doe Defendants 2-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants Humphreys County, Mississippi and Doe Defendants 2-10, and/or was an apparent agent acting within the actual or apparent authority of Defendants Humphreys County, Mississippi and Doe Defendants 2-10; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## **Negligent Infliction of Emotional Distress**

73. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

74. The act(s) and/or omission(s) of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

75. The negligent conduct perpetrated upon the Plaintiffs was awful, traumatic, and disturbing events, which has caused the Plaintiffs to suffer serious emotional anguish.

76. At all relevant times, the Plaintiffs were in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

77. The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## **Breach of a Non-Delegable Fiduciary Duty**

78. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79. The failure and/or refusal of the Defendants (including agents, employees and/or independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) to prevent the injuries sustained by the Plaintiffs, at a time when the same was absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar situated.

## **Negligent Failure to Discipline or Take Necessary Corrective Action**

80. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

81. The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) were vested with the authority to hire, fire, and discipline employees, police officers and personnel of Humphreys County, Mississippi.

82. Furthermore, on information and belief, Plaintiffs will show that over the course of the past several years, there have been numerous complaints made about, but not limited to, incidents of excessive force, violence by officers and personnel and the failure to provide adequate supervision of employees, police officers and personnel.

83. The decision by the Defendants to hire, retain and not discipline these employees, officers and/or security personnel resulted in the creation of an environment of excessive force and violence.

84. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding employees, officers and/or security personnel employed by Humphreys County, Mississippi, the aforementioned Defendants are liable for the unlawful death and corresponding deprivation of rights sustained by the Plaintiffs.

### Civil Conspiracy

85. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

86. The Defendants (including agents, employees and independent contractors of the aforementioned in their official capacities as well as other unknown entities, businesses, parent companies, corporations, and etc.) took the above-described actions in concert and in furtherance of a conspiracy to commit and cover up the wrongs complained of herein.

87. As a proximate result of the acts in concert by Defendants, Plaintiffs have been damaged.

### Abuse of Process

88. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

89. Based upon the facts set forth herein, Defendants made an illegal use of civil and criminal process, a use neither warranted nor authorized by the process.

90. Defendants in this matter had an ulterior motive, i.e. to cover up their wrongs and to embarrass and punish the Plaintiffs and make an example out of them.

91. Damages resulted from the perverted use of the process in this matter, proximately caused by the actions and/or inactions of the Defendants.

### V.

### DAMAGES

### ECONOMIC DAMAGES

92. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

93. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the injuries they sustained, not limited to damages for the net cash value of the life of the decedent, sustained conscience pain and suffering; loss of earning capacity; loss of

enjoyment of life; emotional distress, past and future medical expenses, emergency care related to the deceased's final illness or injury, funeral and burial expenses, pain and suffering incurred as a result of the loved one's untimely death, loss of society and companionship of the deceased, net cash value of the lost wages and benefits the deceased would likely have earned if he had lived, and all types and kinds of economic and non-economic damages allowable by law.

### NON-ECONOMIC DAMAGES

94. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

95. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, suffering, inconvenience, worry, emotional distress, loss of society and companionship, physical impairment, loss of the enjoyment of life, hedonic damages, loss of credit worthiness, medical or special damages, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

96. Plaintiffs have suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work, funeral expenses, nursing expenses, physical therapy expenses and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

97. The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their damages.

### PUNITIVE DAMAGES

98. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

99. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

### RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

100. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

# JURY TRIAL DEMANDED

101. Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, attorneys' fees, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted this the 16th day of August, 2016.

**GEORGIA ANN PARKER, ADMINISTRATOR OF THE ESTATE OF STEPHANY SHERIKA PARKER HOLMES, DECEASED, AND THE ESTATE OF STEPHANY SHERIKA PARKER HOLMES**

**Counsel for Plaintiffs:**


__ /s/ Thomas J. Bellinder, Esq. _____
Thomas J. Bellinder (MSB # 103115)
**BELLINDER LAW FIRM**
Pinnacle at Jackson Place
190 E. Capitol Street, Suite 460
Jackson, MS 39201
Phone: (601) 487-9340
Fax: (601) 265-1795
Email: Thomas.Bellinder@BellinderLawFirm.com

and

Cynthia A. Stewart, Esq.
**CYNTHIA A. STEWART, P.A.**
118 Homestead Drive, Suite C
Madison, MS 39110
Phone: (601) 856-0515
Fax: (601) 856-0514
Email: cstewart@mississippitrial.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that a true and correct copy of the foregoing document has been forwarded to opposing counsel via hand-delivery, electronic means, U.S. Mail and/or facsimile to their usual place of business, to-wit:

Wilton V. Byars, III
Philip M. Levy
DANIEL COKER HORTON & BELL, P.A.
P.O. Box 1396
Oxford, MS 38655

This the 16th day of August, 2016.
BY: __ /s/ Thomas J. Bellinder, Esq. _____